Thank you. My name is John Pope. I am the counsel for Thomas N. Carnacion, the petitioner in this matter. Can you hear us okay? Yes, I can. Okay. Go ahead, then. Thank you very much. Good morning, Your Honors. Good morning. This case is brought to the Ninth Circuit by way of transfer under Section 106C of the REAL ID Act. The issues that are presented by the petitioner are twofold. First, that the BIA, the Board of Immigration Appeals, abused its discretion when it denied the petitioner's motion to reconsider based on the admitted ineffective assistance of prior counsel. The second issue is that the BIA also abused its discretion when it refused to allow the petitioner's case to be reopened or reconsidered when first prior counsel was alleged to have ineffectively assisted him by failing to notify him that he had an individual hearing on a specific date in the year 2000. Mr. Pope, there are three lawyers in this case. Is that correct? There are. Is there any evidence in the record that the petitioner filed a complaint of ethical or legal violations against the second attorney, the attorney that filed the untimely motion to reopen? Is there any evidence in the record that the petitioner filed a complaint with the State Board of Disciplinary Authorities? Your Honor, the petitioner did not choose to file the complaint. I am the second attorney. I am arguing this case under a waiver of my conflict of interest. I was the second attorney. After I found that I had ineffectively represented him by failing to meet the deadline and my motion to accept the late-file brief was denied by the board, I prepared an affidavit. I handed the affidavit to the petitioner. I also brought him a bar complaint from the state of Arizona, and he chose not to file that bar complaint. Well, how do we show compliance with Lazada? Your Honor, I am asking the court to consider that my affidavit in which I expressly state that I ineffectively assisted him by failing to file in a timely basis has compliance with Lazada. Okay. I guess that you would concede on some level that that would be an extension of any of our precedent at this point. I would, Your Honor, but it is a reasonable extension of the Lazada and the cases of that genre. Well, tell me this. At the end of the day, how would your client ever prevail? How would he ever qualify for cancellation of removal? He was eligible for cancellation of removal. He was scheduled for an individual hearing before the court in January of 2000 on his cancellation application, which had been previously filed by prior counsel. Why is it not his fault that he didn't show up for the hearing? I did not hear that question. I'm sorry. Why is it not his fault that he did not show up to the hearing? Yes, Your Honor. Given that notice was given both to the former counsel as well as to him at his last known address. Because, Your Honor, he had moved to New York. His wife, who they had just recently married, was pregnant with a very difficult pregnancy. He had advised his prior counsel that he was now in New York and would be there for an extended period of time. He told him his address. He told him his phone number. And prior counsel did not notify him at that address. He chose to notify him at the Oakland address, which was his last address of record with the San Francisco Immigration Court. Has a petitioner raised before the BIA an ineffective assistance of counsel claim against the original counsel, attorney number one? At the BIA, he did. And that is revealed in the record? I believe so, Your Honor. If you can cite to me that part of the record, it would be helpful. You don't need to do it now, but if you could cite it to the court, it would be helpful to me. This is Judge Nelson speaking. Yes, Judge Johnson. All right. Let me just ask one more question. With regard to the original counsel, attorney number one, can you cite to any case law in which we have addressed a similar, unexhausted, ineffective assistance of counsel claims? Several, Your Honor. Well, you cited in your brief the Granados case. Yes, that's exactly right. That case is distinguishable, it seems to me, because he wasn't represented by the same allegedly incompetent counsel throughout the agency proceedings. Instead, the original counsel withdrew prior to the proceedings before the immigration judge and the second counsel represented him in the motion to reopen. And so it seems to me that the Granados case is clearly distinguishable. I thought it was almost the same inasmuch as prior counsel in this case, first counsel, had withdrawn immediately preceding the date for the individual hearing as well. His notice of withdrawal was from December of 1999, and Judge Teeter, the immigration judge, granted the motion for him to withdraw on 12-27-99. And his next individual hearing was on January 12th of 2000. That's right, but in the Granados case, the original counsel did not withdraw. And that's, to me, what distinguishes this case, unless you convince me otherwise. No, I have no argument on that basis, Your Honor. All right, thank you. So, to continue, Your Honors, the case at bar is very much like two cases that the court has, the Ninth Circuit has addressed. Ray v. Gonzalez, which is a 2006 case where there were multiple prior counsel, and the ineffective assistance resulted in a holding that petitioner's due process rights were denied because of this ineffective assistance. And in this case, there was an attorney who failed to file an appeal, very similar to the case at bar. And in the second case that I would cite to the court, also Ninth Circuit precedent, it's Derringer v. Volkova, where the court has found that the failure to file a timely appeal is, in and of itself, an effective denial of appellate rights and, therefore, a denial of due process to the petitioner. Are these cases cited in your brief? Your Honor, the Derringer case is the Ray case was submitted by counsel for the Department of Homeland Security as a supplemental case authority. She actually did my work for me. I was about to do that when I got the waiver, and she had already done it. Thank you. Did you want to reserve any time for rebuttal? No, I do not, thank you. All right, so you just want to use all your ten minutes right now? I will. Okay, go ahead. And then I will wrap it up. As I see this case, Your Honors, the issue is fairly, I believe, simple. That the ineffective assistance in both the first counsel and the second counsel, namely me, in failing to file the appeal effectively denied the petitioner his right to due process to his stay in court to have his cancellation of removal application finally adjudicated, whether or not he could convince the immigration court that they should grant a favorable discretionary grant in his case and that we would submit to the court that he should not suffer based on the ineffectiveness of both prior counsel. Thank you. All right, thank you. You still do have a minute and a half for rebuttal, so I'll reserve that for you. Thank you. Before we start the ten minutes, my understanding is that that's just a recording device. It doesn't, you know, make your voice louder. So I want to make sure that counsel on the phone can hear you. So if you keep your voice up, that would be helpful. Counsel, Mr. Pope, if you can't hear the government's lawyer, would you please let me know? I will, yes. Thank you. Good morning, Your Honors. May it please the Court. Lindsay Chichester on behalf of the respondent. As an initial matter, although it was not expressly argued in the opening brief, there is a jurisdictional issue that has come to light as I was preparing for oral argument. Now, I was not the briefing attorney in this case, but given the fact that he has a firearms offense, that rendered him removable under 237A2C. Based on that, given Section 242, only constitutional claims and questions of law would be properly before this Court. I just wanted to alert the Court to that jurisdictional concern. Well, I guess maybe that dovetails into my question. I said, how can your client prevail? In my view, is there any way that Mr. Severino can be given relief? Is he eligible for cancellation of removal? Well, Your Honor, to get to the cancellation question, he still has to get first to the fact that the decision upon which he's appealing was the refusal or the rejection of his motion to reopen by the immigration judge. Well, I know we have to get through a lot of things. But at the end of the day, he might have to show prejudice if you got to that point. And to show prejudice, you would have to be able to show that you can win on some level or something, that you'd be entitled to some relief. Is he eligible for anything? Well, Your Honor, the government's position is that he first has to show prejudice in the refusal to reopen his case. That is the relief that he actually filed in this case and from which he took appeals. So before he can get to his cancellation case, he first needs to show that he would have prevailed or, you know, there was a plausible ground for relief that the board, if they would have accepted his appeal as timely, that he would have prevailed. It's the government's position. What's your position on prejudice, then? We'd say there's no prejudice in this case with that regard. The hearing notice was sent 14 months prior to the hearing. Now, what hasn't been presented is the fact that he showed up for immigration court at one point. The case was actually continued, and the record reflects this, because he had pending criminal charges that had yet to be adjudicated by the criminal court. Therefore, with respect to your claim on cancellation, there's no evidence in the record as to how those cases had been decided by the criminal court, so I can't say with certainty that he would have even gotten that. Again, because that criminal conviction from the 1998, I believe it's actually on page 156 in the record of prior counsel. The original counsel listed in the 42A application what was possibly pending as far as criminal charges. So as far as the cancellation issue, Your Honor, we would say we can't speak with certainty. With respect to his appeal, no. First of all, there's no evidence to show that he actually moved, except for statements of counsel in the motion. Did the notices that were sent to the petitioner get returned? They were sent by regular mail from the immigration court, and there's no evidence in the record that they returned, and there's certainly no affidavit by the petitioner or petitioner's counsel saying so. Okay. Let me ask about this. A notice was sent to the lawyer, and would the failure of a lawyer to send notice by certified mail to his client be considered prejudicial? Your Honor, unfortunately for the petitioner in this case, that's not in the record. Those statements are in the brief. There is no evidence. The only thing we have from the first counsel, Mr. Vanderhout, the only thing that's in there is his motion to withdraw where he says, the last known address I have is this California address. I provided him written notice. The immigration court in turn, when they granted the motion to withdraw, sent a subsequent notice of over a month before, I guess a little under a month before the hearing, to the last known address provided. Now, Petitioner obviously knew the obligation to provide notice to the court, because I believe earlier in the record, I think it's on page 132, he had filed a change of address form before. He had changed apartment numbers in the same building, and a prior EOIR-33, which is the change of address form, had been done. Furthermore, although he says he might have filed a change of address form or his counsel said so in the motion, there's no affidavit from the petitioner here. There's nothing in the record to support that. DHS certainly didn't come forward, and there's no evidence that they have to show that he did file with INS. Even if he had, that's not sufficient notice for the immigration court, as he knew because he'd previously submitted one of those change of address forms. Ginsburg. Well, let me just ask, since your time is fleeting, would you comment on the Ray case that was cited to us today and was cited in the supplemental brief, where it says an alien has prevented from filing an appeal in immigration proceedings due to counsel's error. The proceedings are subject to a presumption of prejudice. Your Honor, that was cited for the purpose of, in this case, the motion to reconsider. What he was asking the board to do, and I believe he stated it quite clearly, was saying that they abused their discretion in not taking the appeal as untimely, which first raises the jurisdictional concern that I've already addressed. But in the event that the court reached the claim of ineffective assistance of counsel, it only creates a presumption of prejudice which can be rebutted by showing you have no plausible grounds of relief. That's the government's position that even given Ray, he still has not prevailed in an ineffective assistance of counsel claim, even against Attorney Pope, because he cannot show plausible grounds of relief. Proper notice was served to this particular alien. He was given not one, but two. Furthermore, I would just... What efforts do you see in the record of compliance with Lozada? That was actually addressed in our brief, Your Honor. We would say that it hasn't been complied with. He didn't self-report. There's no reporting under Lozada here. There's no affidavit of the alien at all, which... In terms of what Appellant's counsel, Mr. Pope, indicated, it's a some... I don't want to say it's a unique situation, but it's a little different than some. And he did concede that it would be an extension of our present case law. Do you want to respond to that? When the board created the Lozada factors, it was providing an outlet for aliens who found themselves with ineffective assistance of counsel to prevail on a claim, if they presented those factors. Granted, this Court has said that substantial compliance is sufficient. But here, you really have no compliance to speak of. Moreover, all he said was, I'm ineffective. They didn't actually file a motion to reopen. In this case, if you look at what the board had jurisdiction over, in the board's first decision, when it said, if you want to file a motion to reconsider, file it here. If you want to file for substantive grounds for relief, or you need to file a motion to reopen, you need to file it with the Immigration Court. That wasn't done here. Additionally, I would just like to say that Lozada shouldn't be extended in that regard. There's no evidence and no basis in the record for any extension of Lozada in this case. There's no substantial compliance. And even if you were to argue that if he got through Lozada and we applied Gray, that there was some presumption of prejudice, there's not prejudice in this case, because he has not established any plausible ground to get that in absentia order vacated. In addition, I would like to say that with respect to the motion to reconsider, there is nothing specifically stating any complaint against Mr. Vanderhout, the original attorney in this case. So I would disagree with counsel in that regard. Are you responding to Judge Nelson's question about where in the record that could be found? Yes. I haven't seen that in the record, Your Honors. Well, I couldn't find it in the record either. That's why I asked. If he wanted to file an ineffective assistance of counsel claim against Attorney Vanderhout, they could have done so. They could have filed it with the immigration judge, excuse me, and could have even done so as a basis for the motion to reopen. But if you look in the motion to reopen that was filed with the immigration judge, it's just not there. He says, I didn't receive notice, but there's no real ineffective assistance of counsel claim made, nor is there any Lozada compliance there. So in any regard, he's failed to comply with Lozada in the first instance and even in engaging in his own ineffective assistance of counsel. Additionally, there's no evidence that even Mr. Vanderhout clearly provided notice to the court when he was filing a motion to withdraw as to, one, why, that the alien was, I guess it said, failed to not only meet its obligations financially, but also was uncooperative in not communicating with him. Counsel, Mr. Vanderhout, provided the last known address that he had to the immigration judge. So Petitioner's statement that somehow he provided additional or a changed statement in the brief that he somehow provided Mr. Vanderhout with a different address, the evidence is not there in the record. The evidence in the record is that's the last known address that Attorney Vanderhout had, and that's what he signed in a statement to the court when he filed his motion to withdraw. The court, immigration court in this case, even went an extra step. Because it was a month before the hearing, they filed an advisal to the last known address. They even sent, like, a second notice, even though the first notice to counsel would have been sufficient. And counsel attested in the motion to withdraw that he had provided the alien with written notice. There's no evidence to rebut that in the record. The administrative record is devoid of any statements by the Petitioner against Mr. Vanderhout. So in that regard, there's just nothing here to show plausible grounds for relief if we get to the due process or ineffective assistance of counsel claim in this case. If the court has no further questions. All right. Apparently you've answered the questions that we have. Thank you for your argument. Thank you, counsel. And may I use my time for rebuttal, Your Honor? Most certainly, Mr. Pope. Thank you, Your Honor. I would like to address the Lozada issue, especially with respect to the prior counsel, the first prior counsel. Perhaps a context here of the motion to reopen might be helpful. When I received this client, he was in process of Well, I guess first, though, did you find anything in the record in response to Judge Nelson's question? It is not in the record, Your Honor. I misspoke. I have the bar complaint and the affidavits from the respondent. But they never made it into the record. And I will give the court the reason why. When this individual approached me to represent him, he was in the process of being moved from Florence, Arizona. Well, I guess, you know, I guess I'll have to defer if either of my judges want to hear from that. But we don't really want things that aren't in the record. If you're going to tell us something that's not in the record, that's really not something that we can consider. I understand. The other point I would make, Your Honor, at AR 135, I would point out to the court that this case was rescheduled from its initial time, which was in 1999, to the final date of January 12, 2000. And, again, the notice was sent to the attorney and not to the respondent. And the respondent was already in New York at that point. All right. Essentially, your time has now expired. I'm going to thank both of you for your argument. Thank you. Unless either judges have any additional questions, the matter will stand submitted. Thank you.
judges: D.W. Nelson, Callahan, Carney